Joseph F. Jennings (SBN 145,920)
joe.jennings@knobbe.com
Matthew S. Bellinger (SBN 222,228)
matt.bellinger@knobbe.com
Jaeyoung Choi (SBN 358,001)
jaeyoung.choi@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
Simplehuman, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLEHUMAN, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NINE STARS GROUP (U.S.A.) INC., a California corporation, and LOWE'S COMPANIES, INC., a North Carolina corporation,<br><br>Defendants. | Civil Action No. 5:26-cv-2253<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Simplehuman, LLC ("Simplehuman") hereby complains of Defendants Nine Stars Group (U.S.A.) Inc. ("Nine Stars") and Lowe's Companies, Inc. ("Lowe's") (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. Simplehuman seeks injunctive relief and monetary relief for acts of patent infringement, trade dress infringement, false designation of origin, and unfair competition, engaged in by Defendants in violation of the laws of the United States and the State of California.

## THE PARTIES

2. Plaintiff Simplehuman is a California limited liability company having its principal place of business at 19850 Magellan Drive, Torrance, California 90502.

3. Simplehuman is informed and believes, and thereon alleges, that Nine Stars is a California corporation, having a principal place of business at 1775 S Business Parkway, Ontario, California 91761.

4. Simplehuman is informed and believes, and thereon alleges, that Lowe's is a North Carolina corporation, having a principal place of business at 1000 Lowe's Blvd, Mooresville, North Carolina 28117.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 15 U.S.C. §§ 1116, 1121(a), and 1125(a), and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are so related to Simplehuman's federal claims within the Court's original jurisdiction that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.     This Court has personal jurisdiction over Nine Stars because Nine Stars has a principal place of business in this judicial district and has a continuous, systematic, and substantial presence within this judicial district and within California.

7.     Nine Stars is incorporated in California and maintains its corporate headquarters within this judicial district in the city of Ontario.

8.     Nine Stars has sold and offered for sale products in this judicial district, including the products accused of infringement herein. Nine Stars has made, used, sold, offered for sale, and/or imported accused products in this judicial district, and has sold accused products into the stream of commerce knowing such products would be sold in California and in this judicial district.

9.     In addition, by committing acts of patent infringement, trade dress infringement, false designation of origin, and unfair competition in this judicial district as complained of herein, Nine Stars' acts form a substantial part of the events or omissions giving rise to Simplehuman's claims.

10.     This Court has personal jurisdiction over Lowe's because Lowe's has a continuous, systematic, and substantial presence within this judicial district and within California.

11.     Lowe's operates numerous retail stores throughout the United States, including stores located in California and over a dozen stores located within this judicial district.

12.     Lowe's has sold and offered for sale products in this judicial district, including the products accused of infringement herein.  Lowe's has sold and offered for sale accused products to consumers in this judicial district, including through Lowe's website, www.lowes.com.

13.     In addition, by committing acts of patent infringement, trade dress infringement, false designation of origin, and unfair competition in this judicial district as complained of herein, Lowe's acts form a substantial part of the events or

omissions giving rise to Simplehuman's claims.

14.   Venue is proper in this judicial district as to Simplehuman's patent infringement claims against Defendants under 28 U.S.C. § 1400(b) because Lowe's and Nine Stars both have regular and established places of business within this judicial district, and both have committed acts of infringement by at least selling and/or offering to sell accused products in this judicial district.  Venue is also proper in this judicial district as to Simplehuman's patent infringement claims against Nine Stars under 28 U.S.C. § 1400(b) because Nine Stars is incorporated in California.

15.   Venue is proper in this judicial district as to Simplehuman's other causes of action under 28 U.S.C. §§ 1391(b) and 1391(d) because all Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

**Plaintiff Simplehuman**

16.   Simplehuman was founded in 2000 with the goal of designing a better trash can.  Since then, Simplehuman has been engaged in the manufacture and sale of highly stylistic and distinctive trash cans, making it an indisputable leader in the market.  Simplehuman has leveraged this success to expand its product line to include a variety of innovations in other kitchen and bath tools.  Through the tireless efforts of its designers and engineers over more than two decades, Simplehuman has become a leader in the innovation, design, and production of a variety of consumer home goods, including trash cans, mirrors, sensor pumps, dishracks, sink caddies, and more.

17.   To protect its substantial investment in innovation, Simplehuman is the owner of  numerous patents relating to its trash cans, including U.S. Patent Nos. 10,683,165 (the "'165 Patent"), 11,136,186 (the "'186 Patent"), 11,603,263 (the "'263 Patent"), 11,801,996 (the "'996 Patent"), 12,522,432 (the "'432 Patent"), and D798,016 (the "D016 Patent") (collectively, the "Asserted Patents").

-3-

18.   On June 16, 2020, the United States Patent & Trademark Office ("USPTO") duly and lawfully issued the '165 Patent, titled "Trash Can Assembly." Simplehuman is the assignee of the '165 Patent and holds all rights thereunder, including the right to sue for past infringement and standing to enforce the '165 Patent.  A true and correct copy of the '165 Patent is attached hereto as **Exhibit 1**.

19.   On October 5, 2021, the USPTO duly and lawfully issued the '186 Patent, titled "Trash Can Assembly."  Simplehuman is the assignee of the '186 Patent and holds all rights thereunder, including the right to sue for past infringement and standing to enforce the '186 Patent.  A true and correct copy of the '186 Patent is attached hereto as **Exhibit 2**.

20.   On March 14, 2023, the USPTO duly and lawfully issued the '263 Patent, titled "Trash Can Assembly."  Simplehuman is the assignee of the '263 Patent and holds all rights thereunder, including the right to sue for past infringement and standing to enforce the '263 Patent.  A true and correct copy of the '263 Patent is attached hereto as **Exhibit 3**.

21.   On October 31, 2023, the USPTO duly and lawfully issued the '996 Patent, titled "Trash Can Assembly."  Simplehuman is the assignee of the '996 Patent and holds all rights thereunder, including the right to sue for past infringement and standing to enforce the '996 Patent.  A true and correct copy of the '996 Patent is attached hereto as **Exhibit 4.**

22.   On January 13, 2026, the USPTO duly and lawfully issued the '432 Patent, titled "Trash Can Assembly."  Simplehuman is the assignee of the '432 Patent and holds all rights thereunder, including the right to sue for past infringement and standing to enforce the '432 Patent.  A true and correct copy of the '432 Patent is attached hereto as **Exhibit 5.**

23.   On September 19, 2017, the USPTO duly and lawfully issued the D016 Patent, titled "Trash Can."   Simplehuman is the assignee of the D016 Patent and holds all rights thereunder, including the right to sue for patent infringement and

-4-

standing to enforce the D016 Patent.  A true and correct copy of the D016 Patent is attached hereto as **Exhibit 6.**

24.     Since at least as early as 2017, Simplehuman has manufactured and sold products bearing its unique semi-round design, which has a distinctive, nonfunctional trade dress in its overall configuration (the "Semi-Round Top Rim Trade Dress").  An example of a Simplehuman Semi-Round Step Can bearing the distinctive Semi-Round Top Rim Trade Dress is shown below:



25.     The Semi-Round Top Rim Trade Dress is a trash can comprising a generally semi-round metallic body; a plastic base; a trim ring that is at least partially metallic and extends beyond the dimensions of the body and base; and a metallic lid.

26.     Simplehuman's products bearing the Semi-Round Top Rim Trade Dress have achieved remarkable success in the marketplace.

27.     Simplehuman's products bearing the Semi-Round Top Rim Trade Dress are available in over a dozen countries, and in countless retail locations.  For example, Simplehuman's products bearing the Semi-Round Top Rim Trade Dress are sold in numerous major U.S. retailers such as Amazon, Lowe's, Home Depot, Crate and Barrel, Best Buy, Williams Sonoma, West Elm, Staples, Office Depot, Nordstrom, Bloomingdale's, Macy's, The Container Store, Target, Walmart, and

many others.

28.    Simplehuman's products bearing the Semi-Round Top Rim Trade Dress have received significant unsolicited media attention and have been lauded by customers and the media, including by *HGTV*, *Esquire*, and *Newsweek*, among others.

29.    Simplehuman extensively advertises and promotes its products bearing the Semi-Round Top Rim Trade Dress, including through its website and social media sites, trade shows, and advertisements.

30.    Simplehuman has derived about $80 million dollars in revenue from sales of products bearing the Semi-Round Top Rim Trade Dress in the United States.

31.    As a result of Simplehuman's widespread use and display of the Semi-Round Top Rim Trade Dress, (a) the public has come to recognize and identify products bearing the Semi-Round Top Rim Trade Dress as emanating from Simplehuman, (b) the public recognizes that products bearing the Semi-Round Top Rim Trade Dress constitute high quality products that conform to the specifications created by Simplehuman, and (c) the Semi-Round Top Rim Trade Dress has established strong secondary meaning and extensive goodwill.

32.    The Semi-Round Top Rim Trade Dress serves to identify and distinguish Simplehuman's products from those of others.  Simplehuman has strong common law rights in the Semi-Round Top Rim Trade Dress, which rights predate Defendants' acts of infringement complained of herein.  The Semi-Round Top Rim Trade Dress has great value as a specific identifier of Simplehuman's products.

33.    The Semi-Round Top Rim Trade Dress is non-functional.  The design features embodied by the Semi-Round Top Rim Trade Dress are not essential to the function of the products as evidenced, for example, from the numerous other commercially available trash can products (some examples of which are shown below) that do not embody the Semi-Round Top Rim Trade Dress.

 *"Amazon Basics 20 Liter Soft-Close Trash Can"* product

 "*United Solutions Highboy Waste Container*" product

 *"Umbra Studio Venti Trash Can"* product

 *"Brabantia Bo Step Can"* product

 "*Joseph Titan Trash Can"* product

"*Home Zone Living 12 Gallon Semi-Round Kitchen Trash Can*" product

34.    As another example of non-functionality, the Semi-Round Top Rim Trade Dress is an arbitrary design choice.  As yet another example, there is no utilitarian function to the base being a different material (plastic), which is also an arbitrary, non-functional design choice.

35.    The design elements of the Semi-Round Top Rim Trade Dress are also not a competitive necessity for trash can products as evidenced by the many different commercially available alternatives to the Semi-Round Top Rim Trade Dress, some of which are depicted in the table in Paragraph 33 above.

36.    The design features of the Semi-Round Top Rim Trade Dress also do not make the product cheaper or easier to manufacture, but rather make the product more complex and more expensive to manufacture.  The design features of the Semi-Round Top Rim Trade Dress are more complex than other trash cans.  For example, the use of metal in the Semi-Round Top Rim Trade Dress makes trash cans bearing the trade dress more expensive to manufacture than other trash cans.  As a further example, the Semi-Round Top Rim Trade Dress, in some circumstances, adds additional components (such as a trim ring) to the trash can, making it more expensive and complex to manufacture.

**Defendants Nine Stars and Lowe's**

37.    Nine Stars is in the business of making and selling trash cans.  The trash cans made and sold by Nine Stars include the Allen + Roth branded "45 Liter Stainless Steel Silver Steel Indoor/Outdoor Kitchen Hinged Lid Trash Can" (the "Accused Product").  An example of the Accused Product is shown below.



38.     Lowe's is a home improvement retailer that sells housewares and other household products, including trash cans.  Lowe's markets, offers for sale, and sells the Accused Product, including through its website, www.lowes.com.  An example of the Accused Product offered for sale on Lowe's website at https://www.lowes.com/pd/NINESTARS-allan-roth-Foot-Pedal-Trash-Can-11-89-Gal-45L-Oval-D-Shape-Stainless-Steel-Silver-Hands-Free/5015858131 is shown below.



39.     Defendants make, use, sell, offer for sale, and/or import into the United

States trash cans, including at least the Accused Product, that have infringed and continue to infringe Simplehuman's patent rights, including the Asserted Patents.

40.    Subsequent to Simplehuman's use and adoption of the Semi-Round Top Rim Trade Dress, and without the permission or consent of Simplehuman, Defendants have advertised, marketed, promoted, sold, and/or offered for sale trash cans, including the Accused Product, which bear a design that is confusingly similar to the Semi-Round Top Rim Trade Dress.  An example of the Accused Product next to one of Simplehuman's products bearing the Semi-Round Top Rim Trade Dress is shown below:



| **Accused Product** | **Simplehuman Product** |

41.    Simplehuman is informed and believes, and based thereon alleges, that Defendants copied Simplehuman's Semi-Round Top Rim Trade Dress.

42.    Simplehuman is informed and believes, and based thereon alleges, that Defendants intended to blatantly copy Simplehuman's design and pass off their products as Simplehuman's products to misappropriate the immense goodwill that Simplehuman has spent enormous time, effort, and expense to cultivate in the marketplace.

43.    Defendants use their infringing trade dress in connection with

substantially identical trash can products sold to substantially identical consumers and through overlapping trade and marketing channels as compared to Simplehuman and its trash cans. For example, the Accused Product can be purchased at Lowe's, where Simplehuman's products—including Simplehuman's Semi-Round Step Can—are also sold.

44. Defendants' use of their infringing trade dress in commerce is likely to cause confusion, cause mistake, and to deceive as to affiliation, connection, or association of Defendants and/or their products with Simplehuman, when there is none.

45. On March 17, 2026, Simplehuman wrote to Defendants regarding their infringing activities. In the letter, Simplehuman demanded, *inter alia*, that Defendants cease and desist from infringing the Asserted Patents and the Semi-Round Top Rim Trade Dress.

46. Despite Simplehuman's letter, Defendants did not agree to stop selling the infringing products or stop their other infringing activities.

47. Defendants' acts complained of herein have caused Simplehuman to suffer irreparable injury to its business. Simplehuman will continue to suffer substantial loss and irreparable injury unless and until Defendants are enjoined from their willful actions complained of herein.

48. Simplehuman is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

### FIRST CLAIM FOR RELIEF

### INFRINGEMENT OF THE '165 PATENT (35 U.S.C. § 271)

49. Simplehuman repeats and re-alleges the allegations in Paragraphs 1–48 of this Complaint as if set forth fully herein.

50. Defendants, including through their employees and/or agents, have knowingly, intentionally, and willfully infringed the '165 Patent either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale,

-11-

offer for sale, and/or importation into the United States of products, including the Accused Product, that infringe the '165 Patent.  For example, as described below, Defendants infringe at least Claim 1 of the '165 Patent.

51.   The Accused Product is a trash can assembly, as depicted below.



52.   The Accused Product has a body component comprising a lower base, an upper opening, and a front upper edge, as depicted below.



53.   The Accused Product has a lid assembly configured to couple with the body component, as depicted below.

-12-



lid assembly

54.     The Accused Product's lid assembly includes a lid configured to rotate, relative to the body component, between a lower position (as depicted below on the left) and an upper position (as depicted below on the right).

 

55.     The Accused Product's lid assembly also includes a trim member configured to rotate between a closed position (as depicted below on the left) and an open position (as depicted below on the right), wherein in the closed position, a front of the trim member is adjacent the front upper edge of the body component (as depicted below on the left); and in the open position, the front of the trim member is spaced apart from and vertically higher than the front upper edge of the body component (as depicted below on the right).

-13-



front of the
trim member

front of the
trim member

front upper
edge

trim member in a
closed position

trim member in an
open position

56.    The Accused Product includes a power transmission device configured to drive the lid between the lower position and the upper position, namely a foot pedal that when pressed causes the lid to move between the lower and upper position.



foot pedal

-14-

57.    The Accused Product includes a retaining mechanism configured to maintain the trim member in the open position against the force of gravity, as depicted below.



retaining mechanism

58.    As a direct and proximate result of Defendants' acts of infringement of the '165 Patent, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to Simplehuman.

59.    Pursuant to 35 U.S.C. § 284, Simplehuman is entitled to damages for Defendants' infringing acts and treble damages, together with interest and costs as fixed by this Court.

60.    Pursuant to 35 U.S.C. § 285, Simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

61.    Due to Defendants' infringement, Simplehuman has suffered great and irreparable injury, for which Simplehuman has no adequate remedy at law.

62.    Defendants will continue to willfully infringe Simplehuman's patent rights to the great and irreparable injury of Simplehuman unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF THE '186 PATENT (35 U.S.C. § 271)

63.    Simplehuman repeats and re-alleges the allegations in Paragraphs 1–62 of this Complaint as if set forth fully herein.

-15-

64.    Defendants, including through their employees and/or agents, have knowingly, intentionally, and willfully infringed the '186 Patent either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of products, including the Accused Product, that infringe the '186 Patent.  For example, as described below, Defendants infringe at least Claim 1 of the '186 Patent.

65.    The Accused Product is a trash can assembly, as depicted below.



66.    The Accused Product has a body component comprising a lower base, an upper opening, and a front upper edge, as depicted below.



-16-

67.    The Accused Product has a lid configured to rotate between a lower position (as depicted below on the left) and an upper position (as depicted below on the right).




68.    The Accused Product includes a trim member that extends outwardly beyond a front edge of the lid (as depicted below on the left), the trim member configured to rotate between a closed position (as depicted below on the left) and an open position (as depicted below on the right).



trim member

trim member

69.    As depicted below, in the closed position (as depicted below on the

left), a front of the Accused Product's trim member is in front of the front upper edge of the body component.



70.    As depicted below, in the open position, the front of the Accused Product's trim member is spaced apart from and vertically higher than the front upper edge of the body component.



71.    The Accused Product includes a retaining mechanism configured to maintain the trim member in the open position against the force of gravity, as depicted below. When the trim ring is maintained in the open position, a user is

enabled to switch a bag supported and restrained on an upper peripheral edge of the bag by the body component, as also depicted below.




retaining mechanism

72.    As a direct and proximate result of Defendants' acts of infringement of the '186 Patent, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to Simplehuman.

73.    Pursuant to 35 U.S.C. § 284, Simplehuman is entitled to damages for Defendants' infringing acts and treble damages, together with interest and costs as fixed by this Court.

74.    Pursuant to 35 U.S.C. § 285, Simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

75.    Due to Defendants' infringement, Simplehuman has suffered great and irreparable injury, for which Simplehuman has no adequate remedy at law.

76.    Defendants will continue to willfully infringe Simplehuman's patent rights to the great and irreparable injury of Simplehuman unless enjoined by this Court.

**THIRD CLAIM FOR RELIEF**

**INFRINGEMENT OF THE '263 PATENT (35 U.S.C. § 271)**

77.    Simplehuman repeats and re-alleges the allegations in Paragraphs 1–

76 of this Complaint as if set forth fully herein.

78.    Defendants, including through their employees and/or agents, have knowingly, intentionally, and willfully infringed the '263 Patent either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of products, including the Accused Product, that infringe the '263 Patent.  For example, as described below, Defendants infringe at least Claim 9 of the '263 Patent.

79.    The Accused Product is a trash can assembly, as depicted below.



80.    The Accused Product has a body component comprising an upper edge, the upper edge configured to support an upper portion of a trash bag such that the trash bag can be received and retained in the body component, as depicted below.




-20-

81.    The Accused Product has a lid rotatable between an upper position (as depicted below on the right) and a lower position (as depicted below on the left).




82.    The Accused Product has a trim member rotatable between an open position (as depicted below on the right) and a closed position (as depicted below on the left).  The trim member also has an outer wall as depicted below.



outer wall of trim member



outer wall of trim member

trim member in a
closed position

trim member in an
open position

-21-

83.    The Accused Product has a retainer configured to maintain the trim member in the open position against the force of gravity, as depicted below.



retainer

84.    The Accused Product has a trim member such that when the trim member is in the closed position (as depicted below on the left), the trim member overlaps the upper edge of the body component such that the outer wall of the trim member is positioned outward of the upper edge of the body component and extends downwardly beyond the upper edge of the body component a sufficient distance to hide the upper portion of the trash bag when the trash bag is received within the body component and retained around an outside portion of the upper edge of the body component (as depicted below on the right).

outer wall of trim member





upper edge of body component

85. As a direct and proximate result of Defendants' acts of infringement of the '263 Patent, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to Simplehuman.

86. Pursuant to 35 U.S.C. § 284, Simplehuman is entitled to damages for Defendants' infringing acts and treble damages, together with interest and costs as fixed by this Court.

87. Pursuant to 35 U.S.C. § 285, Simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

88. Due to Defendants' infringement, Simplehuman has suffered great and irreparable injury, for which Simplehuman has no adequate remedy at law.

89. Defendants will continue to willfully infringe Simplehuman's patent rights to the great and irreparable injury of Simplehuman unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

## INFRINGEMENT OF THE '996 PATENT (35 U.S.C. § 271)

90. Simplehuman repeats and re-alleges the allegations in Paragraphs 1–89 of this Complaint as if set forth fully herein.

91. Defendants, including through their employees and/or agents, have knowingly, intentionally, and willfully infringed the '996 Patent either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of products, including the Accused Product, that infringe the '996 Patent. For example, as described below, Defendants infringe at least Claim 1 of the '996 Patent.

92. The Accused Product is a trash can assembly, as depicted below.

-23-



93. The Accused Product has a body component comprising an interior cavity, the body having an upper opening through which refuse can be inserted into the interior cavity, as depicted below.



94. The Accused Product has a lid pivotable with respect to the body from a closed position (as depicted below on the left) to an open position (as depicted below on the right).

-24-



95.    The Accused Product has a trim ring pivotable with respect to the body from a closed position (as depicted below on the left) to an open position (as depicted below on the right).





trim ring

trim ring

96.    The Accused Product has a trim ring comprising an exterior panel and an interior panel, the exterior panel being made of a metal and the interior panel being made of a plastic, the exterior panel having an edge curled around an edge of the interior panel, as depicted below.

-25-



97. As a direct and proximate result of Defendants' acts of infringement of the '996 Patent, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to Simplehuman.

98. Pursuant to 35 U.S.C. § 284, Simplehuman is entitled to damages for Defendants' infringing acts and treble damages, together with interest and costs as fixed by this Court.

99. Pursuant to 35 U.S.C. § 285, Simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

100. Due to Defendants' infringement, Simplehuman has suffered great and irreparable injury, for which Simplehuman has no adequate remedy at law.

101. Defendants will continue to willfully infringe Simplehuman's patent rights to the great and irreparable injury of Simplehuman unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

## INFRINGEMENT OF THE '432 PATENT (35 U.S.C. § 271)

102. Simplehuman repeats and re-alleges the allegations in Paragraphs 1–101 of this Complaint as if set forth fully herein.

103. Defendants, including through their employees and/or agents, have knowingly, intentionally, and willfully infringed the '432 Patent either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale,

-26-

offer for sale, and/or importation into the United States of products, including the Accused Product, that infringe the '432 Patent.  For example, as described below, Defendants infringe at least Claim 16 of the '432 Patent.

104.   The Accused Product is a trash can, as depicted below.



105.   The Accused Product has a body comprising a rear wall, a lower base, an upper opening, and an upper lip, as depicted below.



-27-



106.    The Accused Product has a lid assembly connected to the rear wall of the body, as depicted below.



107.    The Accused Product has a lid assembly that comprises a lid that is rotatable between a closed position (as depicted below on the left) and an open position (as depicted below on the right).

-28-

 

108.   The Accused Product has a trim that is rotatable between a lower resting position (as depicted below on the left) and an upper retained position (as depicted below on the right), the trim movable relative to the upper lip, and the trim visible to a user of the trash can when the lid is in the closed position and the trim is in the lower resting position.



109.   The Accused Product has a trim comprising a front surface having a top edge that is above the upper lip and a bottom edge that is below the upper lip, wherein when the trim is in the lower resting position and the lid is in the open

-29-

position the front surface extends below the upper lip more than above the upper lip such that a vertical distance between the bottom edge and the upper lip is greater than a vertical distance between the top edge and the upper lip, as depicted below.



110.   The Accused Product has a retainer configured to maintain the trim in the upper retained position against force of gravity, as depicted below.



111.   The Accused Product has a curved liner support positioned above the lower base and configured to support a bottom of a trash bag restrained on the upper lip, as depcited below.



curved liner support

112. As a direct and proximate result of Defendants' acts of infringement of the '432 Patent, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to Simplehuman.

113. Pursuant to 35 U.S.C. § 284, Simplehuman is entitled to damages for Defendants' infringing acts and treble damages, together with interest and costs as fixed by this Court.

114. Pursuant to 35 U.S.C. § 285, Simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

115. Due to Defendants' infringement, Simplehuman has suffered great and irreparable injury, for which Simplehuman has no adequate remedy at law.

116. Defendants will continue to willfully infringe Simplehuman's patent rights to the great and irreparable injury of Simplehuman unless enjoined by this Court.

### SIXTH CLAIM FOR RELIEF

### INFRINGEMENT OF THE D016 PATENT (35 U.S.C. § 271)

117. Simplehuman repeats and re-alleges the allegations in Paragraphs 1–116 of this Complaint as if set forth fully herein.

118. Defendants, including through their employees and/or agents, have knowingly, intentionally, and willfully infringed the D016 Patent either literally or

-31-

under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of products, including the Accused Product, that infringe the D016 Patent.

119.    For example, the side-by-side visual comparison showing Simplehuman's patented design with the Accused Product shown below establishes that, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Accused Product is substantially the same as the claimed design of the D016 Patent, because the resemblance is such as to deceive such an observer, inducing them to purchase one supposing it to be the other.  As a result, Defendants infringe the D016 Patent.

| U.S. Design Patent No. D798,016 | Accused Product |
|---|---|
|  FIG. 1 | |

-32-



| U.S. Design Patent No. D798,016 | Accused Product |
|---|---|
|  FIG. 2 |  |
|  FIG. 3 |  |

| U.S. Design Patent No. D798,016 | Accused Product |
|---|---|
| <br>FIG. 4 |  |
| <br>FIG. 5 |  |

-34-



| U.S. Design Patent No. D798,016 | Accused Product |
|---|---|

120.   As shown in the side-by-side comparison above, the Accused Product is substantially similar to Simplehuman's patented designs and infringes the D016 Patent.

121.   As a direct and proximate result of Defendants' acts of infringement, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to Simplehuman.

122.   Pursuant to 35 U.S.C. § 284, Simplehuman is entitled to damages for Defendants' infringing acts and treble damages, together with interests and costs as fixed by this Court.

123.    Pursuant to 35 U.S.C. § 285, Simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

124.    Pursuant to 35 U.S.C. § 289, Simplehuman is entitled to Defendants' total profits from Defendants' infringement of the D016 Patent.

125.    Due to the aforesaid infringing acts, Simplehuman has suffered great and irreparable injury, for which Simplehuman has no adequate remedy at law.

126.    Defendants will continue to willfully infringe Simplehuman's patent rights to the great and irreparable injury of Simplehuman unless enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF

## FEDERAL TRADE DRESS INFRINGEMENT AND FALSE

## DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

127.    Simplehuman repeats and re-alleges the allegations in Paragraphs 1–126 of this Complaint as if set forth fully herein.

128.    This is a claim for trade dress infringement and false designation of origin under 15 U.S.C. § 1125(a).

129.    As a result of the widespread use and promotion of Simplehuman's Semi-Round Top Rim Trade Dress, and prior to the acts of Defendants complained of herein, the Semi-Round Top Rim Trade Dress has acquired secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Semi-Round Top Rim Trade Dress with Simplehuman.

130.    Subsequent to Simplehuman's use and adoption of the Semi-Round Top Rim Trade Dress, and the development of secondary meaning in that trade dress, Defendants have developed, manufactured, imported, promoted, offered for sale, and/or sold products that use a trade dress that is confusingly similar to the Semi-Round Top Rim Trade Dress.  An example of the Accused Product next to one of Simplehuman's products bearing the Semi-Round Top Rim Trade Dress is shown below:

-36-



| **Accused Product** | **Simplehuman Product** |

131. Defendants' actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Simplehuman with Defendants, and/or as to the origin, sponsorship, or approval of Defendants' products or commercial activities in violation of 15 U.S.C. § 1125(a).

132. Simplehuman is informed and believes, and based thereon alleges, that Defendants have actual knowledge of Simplehuman's ownership and prior use of the Semi-Round Top Rim Trade Dress at least because Simplehuman sent Defendants a letter on March 17, 2026, notifying Defendants of the infringement. Defendants' actions make this an exceptional case within the meaning of 15 U.S.C. § 1117.

133. Simplehuman is informed and believes, and based thereon alleges, that Defendants infringed Simplehuman's Semi-Round Top Rim Trade Dress with the intent to trade upon Simplehuman's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, originate from, or are approved by Simplehuman, when they are not, resulting in harm and damage to Simplehuman.

134.    Defendants' activities constitute willful and intentional infringement of Simplehuman's trade dress in disregard of Simplehuman's proprietary rights, and were done despite Defendants' knowledge that its infringing acts were in direct contravention of Simplehuman's rights.

135.    Simplehuman is informed and believes, and based thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' infringement in an amount that is not presently known to Simplehuman.    By reason of Defendants' actions, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

136.    Pursuant to 15 U.S.C. § 1117, Simplehuman is entitled to recover (1) Defendants' profits, (2) any damages sustained by Simplehuman, and (3) the costs of the action.    In assessing damages, Simplehuman requests that the Court enter judgment up to three times actual damages, and in awarding profits, that the Court in its discretion enter judgment for such a sum as the Court shall find to be just according to the circumstances of the case.    Simplehuman also requests that the Court award Simplehuman its reasonable attorneys' fees for the necessity of bringing this claim.

137.    Due to Defendants' actions, Simplehuman has suffered great and irreparable injury, for which Simplehuman has no adequate remedy at law.

138.    Such irreparable injury will continue unless and until Defendants are enjoined by this Court from further violation of Simplehuman's rights.

## EIGHTH CLAIM FOR RELIEF

## STATE UNFAIR COMPETITION (California Business & Professions Code § 17200, *et seq.*)

139.    Simplehuman repeats and re-alleges the allegations the allegations in Paragraphs 1–138 of this Complaint as if set forth fully herein.

140.    This is a claim for unfair competition, arising under California

Business and Professions Code § 17200, *et seq.*

141. By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with Simplehuman in violation of the statutory laws of the State of California, particularly California Business and Professions Code § 17200, *et seq.*

142. Defendants' acts complained of herein constitute trade dress infringement, unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Simplehuman.

143. By reason of Defendants' wrongful acts as alleged in this Complaint, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

144. By its actions, Defendants have injured and violated the rights of Simplehuman and has irreparably injured Simplehuman, and such irreparable injury will continue unless Defendants are enjoined by this Court.

## NINTH CLAIM FOR RELIEF

### California Common Law Unfair Competition

145. Simplehuman repeats and re-alleges the allegations the allegations in Paragraphs 1–144 of this Complaint as if set forth fully herein.

146. This is a claim for unfair competition, arising under the common law of the State of California.

147. Defendants' acts complained of herein constitute trade dress infringement and unfair competition under the common law of the State of California.

148. By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this judicial district and elsewhere, thereby unfairly competing with Simplehuman in violation of the common law of the State of California.

-39-

149.   By reason of Defendants' wrongful acts as alleged in this Complaint, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

150.   By its actions, Defendants have injured and violated the rights of Simplehuman and has irreparably injured Simplehuman, and such irreparable injury will continue unless Defendants are enjoined by this Court.

151.   Defendants engaged in their acts of unfair competition in violation of the common law of California with malice, oppression, and/or fraud.  Accordingly, Simplehuman is entitled to an award of exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Simplehuman prays for judgment in its favor against Defendants for the following relief:

A.   A final judgment in favor of Simplehuman and against Defendants on all claims for relief alleged herein;

B.   An Order adjudging that Defendants willfully infringed the '165 Patent, '186 Patent, '263 Patent, '996 Patent, '432 Patent, and D016 Patent under 35 U.S.C. § 271;

C.   An Order adjudging that Defendants willfully violated the provisions of 15 U.S.C. § 1125 by infringing Simplehuman's Semi-Round Top Rim Trade Dress;

D.   An Order adjudging that Defendants unfairly competed against Simplehuman in violation of California Business and Professions Code § 17200, *et seq.* and California common law;

E.   That the Court issue a preliminary and permanent injunction against Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following

-40-

activities:

      i.      making, using, selling, offering to sell, and/or importing any products that infringe the '165 Patent, the '186 Patent, the '263 Patent, the '996 Patent, the '432 Patent, and/or the D016 Patent;

      ii.      otherwise infringing the '165 Patent, the '186 Patent, the '263 Patent, the '996 Patent, the '432 Patent, and/or the D016 Patent in any manner;

      iii.      using the infringing trade dress as shown above;

      iv.      using any reproduction, copy, or colorable imitation of Simplehuman's Semi-Round Top Rim Trade Dress or any other of Simplehuman's trade dress, or engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Simplehuman's reputation or dilute the distinctive quality of Simplehuman's Semi-Round Top Rim Trade Dress;

      v.      falsely designating the origin of Defendants' products in any manner suggesting that the goods originate from Simplehuman;

      vi.      filing any applications for registration of any trade dress confusingly similar to the Semi-Round Top Rim Trade Dress;

      vii.      misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendants' products;

      viii.      unfairly competing with Simplehuman in any manner whatsoever; or

      ix.      causing a likelihood of confusion or injuries to Simplehuman's business reputation;

F.      An Order directing Defendants to file with this Court and serve on Simplehuman within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction, including pursuant to 15 U.S.C. § 1116;

G.      An Order that Defendants pay to Simplehuman actual damages in the

form of lost profits, or in the alternative, other damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, of the '165 Patent, the '186 Patent, the '263 Patent, the '996 Patent, the '432 Patent, and the D016 Patent in accordance with 35 U.S.C. § 284, and/or, at Simplehuman's election, Defendants' total profits as a result of Defendants' infringement of the D016 patent pursuant to 35 U.S.C. § 289;

H.　An Order that Defendants pay to Simplehuman treble damages under 35 U.S.C. § 284 for its willful infringement of the '165 Patent, the '186 Patent, the '263 Patent, the '996 Patent, the '432 Patent, and the D016 Patent;

I.　An Order adjudging that this case is exceptional under 35 U.S.C. § 285 and ordering Defendants to pay to Simplehuman its reasonable attorneys' fees incurred in this action;

J.　That Simplehuman be awarded its actual damages caused by Defendants' acts complained of herein;

K.　That Defendants be required to account to Simplehuman for any and all profits derived by Defendants by virtue of Defendants' acts complained of herein;

L.　That Simplehuman be awarded exemplary damages from Defendants pursuant to Cal. Civ. Code § 3294;

M.　An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117 and the amount of damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate;

N.　An award to Simplehuman of the attorneys' fees, expenses, and costs incurred by Simplehuman in connection with this action pursuant to 15 U.S.C. § 1117 and/or California common law;

O.　That Defendants be required to deliver and destroy all goods, advertising, and other unauthorized materials bearing any trade dress that are essentially identical to, colorable imitations of, or confusingly similar to Simplehuman's Semi-Round Top Rim Trade Dress, pursuant to 15 U.S.C. § 1118;

-42-

P.      That Defendants' actions be deemed willful;

Q.      An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and

R.      That the Court award Simplehuman any such other relief that the circumstances may require and that the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 30, 2026          By:/s/ Matthew Bellinger

Joseph F. Jennings
Matthew S. Bellinger
Jaeyoung Choi

Attorneys for Plaintiff
Simplehuman, LLC

-43-

## DEMAND FOR JURY TRIAL

Plaintiff Simplehuman hereby demands a jury trial, as provided by Rule 38 of the Federal Rules of Civil Procedure, on all claims that are triable to a jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 30, 2026          By: */s/ Matthew Bellinger*
                                   Joseph F. Jennings
                                   Matthew S. Bellinger
                                   Jaeyoung Choi

                                   Attorneys for Plaintiff
                                   Simplehuman, LLC

-44-